IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SADIE R. PRICE,<br>Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security<br>Defendant. | ORDER & MEMORANDUM DECISION<br><br>Case No. 2:05 CV 331 TC |

Plaintiff Sadie Price appeals a decision of the Commissioner of Social Security denying Ms. Price's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. After reviewing the administrative record and the pleadings submitted by the parties, the court concludes that this matter can be resolved without a hearing, see DUCivR 7-1(f), and enters the following order and memorandum decision.

**Background**

Ms. Price protectively filed applications for DIB and SSI in March 2002, alleging limitations on her ability to work due to "arthritis, emphysema, enlarged heart, acid reflux with possible eroded esophagus (cancer), anxiety disorder, bunions [and] pituitary disorder." (Admin. R. 102.) Her applications were denied in initial and reconsidered determinations. (Id. at 43-45, 47-49.) Ms. Price then requested a hearing before an administrative law judge ("ALJ"). (Id. at 42.) After holding a hearing, the ALJ issued a decision concluding that Ms. Price is not disabled

because there are a significant number of jobs in the national economy that Ms. Price could hold. (Id. at 18-35.)

Ms. Price filed a request with the Office of Hearings and Appeals seeking a review of the ALJ's decision. (Id. at 12-14.) The Appeals Council denied Ms. Price's request. (Id. at 6-9.) Ms. Price now seeks judicial review of the ALJ's decision, which is properly considered the final decision of the Commissioner of Social Security. See 20 C.F.R. §§ 404.981, 416.1481. Jurisdiction is proper in this court under 42 U.S.C. § 405(g).

**Standard of Review**

Judicial review of an ALJ's decision is confined to an examination of whether (1) the ALJ's findings of fact are supported by substantial evidence, and (2) the ALJ correctly applied the applicable law. Id.; Shepherd v. Apfel, 184 F.3d 1196, 1199 (10th Cir. 1999). In undertaking this review, the court "may neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 1990) (internal quotation omitted). The reviewing court should consider "the record as a whole, including whatever in the record fairly detracts from the weight of the [commissioner's] decision and, on that basis, determine if the substantiality of the evidence test has been met." Casias v. Sec'y of Health & Human Servs., 993 F.2d 799, 800-01 (10th Cir. 1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation omitted).

**Analysis**

Federal regulations prescribe a five-step, sequential evaluation process when reviewing a disability claim. See 20 C.F.R. § 416.920 (2005); Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing evaluation process). The evaluation determines whether the

claimant, during the alleged period of disability: (1) worked, (2) suffered a "severe" impairment, (3) suffered an impairment that met or exceeded the severity of an impairment identified by federal regulation, (4) was able to return to any past relevant work, and (5) was able to perform any other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920.

Here, Ms. Price alleges that the ALJ (1) failed to classify Ms. Price's major depression and posttraumatic stress disorder as "severe" impairments, (2) inappropriately discounted the opinion of Janet Madsen, Ph.D.; and (3) erroneously concluded that Ms. Price's impairments did not meet the requirements of listing 12.04. Each of Ms. Price's allegations of error will be addressed in turn.

**I. Major Depression and Posttraumatic Stress Disorder**

The record evidence establishes that Ms. Price was diagnosed with major depression and posttraumatic stress disorder. (See, e.g., Admin. R. at 222, 230, 333, 357, 377, 388, 394, 404.) Ms. Price claims that the ALJ erred at step two of the five-step claim evaluation process by failing to consider Ms. Price's major depression and posttraumatic stress disorder "severe" impairments.

"The Supreme Court has adopted what is referred to as a 'de minimus' standard with regard to the step two severity standard: '[o]nly those claimants with slight abnormalities that do not significantly limit "basic work activity" can be denied benefits without undertaking' the subsequent steps of the sequential evaluation process." Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004) (quoting Bowen v. Yuckert, 482 U.S. 137, 158 (O'Connor, J., concurring)).

The ALJ determined that Ms. Price suffered from several "severe impairments," including "adjustment disorder with depressed and anxious mood." (Admin. R. at 19.) Although

the ALJ did not specifically list "major depression" or "posttraumatic stress disorder" as severe impairments, the court agrees with the Commissioner that the ALJ's designation of "adjustment disorder with depressed and anxious mood" was intended to encompass Ms. Price's depression and posttraumatic stress disorder. (See Def.'s Answer Br. 8 (conceding that the ALJ "mislabeled Plaintiff's 'severe' mental impairment").)

Ms. Price has failed to identify any harm that occurred as a result of this mislabeling. As noted above, a de minimus standard applies to the step-two severity showing. Langley, 373 F.3d at 1123. That low threshold is set to ensure that an inquiry into a disability claim does not stop short of a full evaluation of relevant information so long as that claim is colorable. See Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3rd Cir. 2003) ("The step-two inquiry is a de minimis screening device to dispose of groundless claims.") (citing Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); McDonald v. Sec'y of Health & Human Servs., 795 F.2d 1118, 1124 (1st Cir. 1986).

Ms. Price's claim survived the scrutiny of the step-two severity evaluation. Therefore, the only way Ms. Price could suffer harm from the ALJ's "mislabeling" of her severe impairment is if the ALJ failed to consider the full ramifications of her major depression and posttraumatic stress disorder when evaluating Ms. Price's claim at steps three through five. But the ALJ did consider Ms. Price's mental impairments throughout the evaluation process and accommodated those impairments when determining Ms. Price's residual functional capacity. Specifically, the ALJ included the following restrictions when detailing that capacity:

> no work at a more than a low-stress level: low-average production rate, essentially no working with the general public, minimal supervision, interaction with supervisors and co-workers and work-setting changes; with work at no more than a low concentration level, which precludes tasks such as mental computation, sustained spontaneous speaking or sustained reading and writing, but still having average alertness and attentiveness; work at no more than a low memory level,

> which means: the ability to understand, remember and carry out simple, 1-2 step instructions, the option to use memory aids, and have only minimal changes in work instructions from week to week; . . . working most of the time alone.

(Admin. R. at 16-17.)

The court concludes that the ALJ did not unduly discount the medical evidence indicating that Ms. Price suffers from "severe" mental impairments. Although the ALJ did not adopt verbatim the diagnoses contained in Ms. Price's medical records, the substance of the ALJ's conclusion that Ms. Price suffers from an "adjustment disorder with depressed and anxious mood," (id. at 19), appropriately advanced the claim inquiry.

**II. Rejection of Dr. Madsen's Opinion**

The ALJ expressly disregarded the opinion of Ms. Price's treating psychologist when determining that Ms. Price's mental impairments did not meet the severity of any the mental impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. Ms. Price argues that the ALJ's rejection of Dr. Madsen's opinion was error.

"An ALJ should '[g]enerally, . . . give more weight to opinions from [claimant's] treating sources.'" Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting 20 C.F.R. § 404.1527(d)(2)). But "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." Social Security Ruling 96-2p, 1996 WL 374188, *2. The ALJ is required to designate the weight given to opinions from treating sources and to identify the reasons underlying that assignment of weight. See Watkins, 350 F.3d at 1301. Regardless of the weight to be assigned to an opinion, it is clear that the ALJ was not bound to accept Dr. Madsen's opinion regarding Ms. Price's disability status as a final determination of the matter. See

Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994) ("The treating physician opined that plaintiff was totally disabled at step three. Clearly, this opinion is not binding on the Secretary in making his ultimate determination of disability.").

Here, the ALJ gave specific reasons for rejecting the opinion of Dr. Madsen. Specifically, the ALJ stated:

> I considered but did not accept Dr. Madsen's opinion, regarding the claimant's meeting the "B" and "C" criteria[1] because it is not supported in the objective medical record (which is more consistent with situational anxiety and depression and an unwillingness to comply with and follow treatment advice), is not consistent with her treatment notes and the notes of claimant's nurses, are based to an inappropriate degree on the claimant's subjective complaints, shows a misunderstanding of the relative severities contained in the Mental Disorders Listings and greatly exaggerates the claimant's limitations, and is on an issue reserved to the Commissioner: whether the claimant's impairments meet or equal a medical listing.

(Admin. R. at 18 (internal citation omitted).)

According to Ms. Price "[t]he ALJ provided reasons for rejecting . . . Dr. Madsen's opinions. . . . [but] failed to explain [those] reasons." (Plf.'s Br. in Support of Pet. for Review 13.) Although the ALJ did not provide pinpoint cites to the record to support each of the reasons outlined above, the ALJ's detailed recitation of Ms. Price's medical history illustrates that the ALJ was extremely familiar with Ms. Price's treatment, as rendered by Dr. Madsen as well as other treating and examining professionals. Ms. Price has pointed the court to no record evidence that undermines the various determinations the ALJ reached concerning Dr. Madsen's opinions. Additionally, the court's review of the record has uncovered examples that support the ALJ's conclusion in this regard. For example, it does appear that Ms. Madsen's reports are

---

[1]Listing 12.04 details three separate requirements designated A, B, and C. A claimant's severe impairment will meet the listing if that impairment satisfies the requirements of A and B or if it satisfies the requirements of C. See 20 C.F.R. Part 404, Subpart P, App. 1, 12.04.

frequently confined to a recitation of Ms. Price's subjective complaints rather than devoted to objective medical evaluation. (See, e.g., Admin. R. at 384-85, 405); cf. Castellano, 26 F.3d at 1029 (opinion of treating physician may be discounted if not supported by objective medical evidence).

It is not the task of this court to "reweigh[] the evidence nor substitute[] its judgment for that of the agency." Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The ALJ considered Dr. Madsen's opinion, weighed that opinion against other record evidence, announced the rejection of Dr. Madsen's opinion, and then explained the reasons for that rejection. The court concludes that record evidence supports the ALJ's conclusion and, given the absence of identified evidence undermining the ALJ's conclusion, the court finds no legal error.

**III. Ms. Price's Impairments Did Not Meet Listing 12.04**

Ms. Price's final allegation of error rests solely on the appropriateness of the ALJ's decision to reject Dr. Madsen's opinion that Ms. Price meets listing 12.04. As just discussed, the court finds no error in the ALJ's decision to discount Dr. Madsen's opinion. The ALJ specifically cited to evidence supporting the determination that Ms. Price does not meet the listing. (See Admin. R. at 20-21.) Ms. Price has not challenged that evidence on this appeal. Therefore, the court concludes that the ALJ's determination that Ms. Price does not suffer from an impairment that meets the severity of that outlined in listing 12.04 was not erroneous.

**Conclusion**

The court concludes that the ALJ accounted for Ms. Price's depression and posttraumatic stress order when concluded that she suffered from "adjustment disorder with depressed and anxious mood." (Id. at 19.) Although the ALJ rejected Dr. Madsen's opinion that the severity of Ms. Price's impairments meets listing 12.04, the ALJ listed specific reasons justifying the

decision to discount Dr. Madsen's opinion. The court finds that there is evidence in the record to support the ALJ's determinations and notes that Ms. Price has failed to identify evidence undermining the ALJ's conclusions. Accordingly, the decision of the ALJ is AFFIRMED.

SO ORDERED this 18th day of April, 2006.

BY THE COURT:

Tena Campbell

TENA CAMPBELL
United States District Judge